**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Triple M. Partners, LP, Plaintiff,

v.

Suzette Lefebvre, as Individual and as Trustee of the Suzette Lefebvre Trust N/A, and BLANCO GmbH + CO.KG, Defendants.

Of whom Suzette Lefebvre, as Individual and as Trustee of the Suzette Lefebvre Trust N/A, is the Appellant,

And

Of which BLANCO GmbH + CO.KG is the Respondent.

Appellate Case No. 2017-001254

———————

Appeal From York County
S. Jackson Kimball, III, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-317
Submitted September 10, 2019 – Filed September 25, 2019

———————

**AFFIRMED**

———————

Suzette Lefebvre, pro se Appellant.

Robert Alan Bernstein, of Bernstein & Bernstein, P.A., of North Charleston, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 15-35-810 (2005) ("Final judgments and decrees entered in any court of record in this State subsequent to November 25, 1873 . . . shall constitute a lien upon the real estate of the judgment debtor situate in any county in this State in which the judgment or transcript thereof is entered upon the book of abstracts of judgments and duly indexed, the lien to begin from the time of such entry on the book of abstracts and indices . . . ."); S.C. Code Ann. § 15-35-920 (2005) ("A copy of a foreign judgment authenticated in accordance with an act of Congress or the statutes of this State may be filed in the office of the clerk of court of any county of this State in which the judgment debtor resides or owns real or personal property. . . . A judgment so filed has the same effect and is subject to the same defenses as a judgment of this State and must be enforced or satisfied in like manner[.]"); S.C. Code Ann. § 20-3-670(A)(1) (2014) ("The rights and interests of each spouse in the other's property created by [Article 5 of Chapter 3 of Title 20] are not effective against third parties . . . with regard to any parcel of real property in which an interest under [Article 5] is claimed until a Notice of Pendency of Action is filed as provided in Section 15-11-10 with the clerk of court of the county in which such parcel of real property is situated . . . ."); S.C. Code Ann. § 30-7-10 (2007) (providing that all written conveyances of an interest in real estate required by law to be recorded "are valid so as to affect the rights of subsequent creditors[] or purchasers for valuable consideration without notice[] only from the day and hour when they are recorded in the office of the register of deeds or clerk of court of the county in which the real property affected is situated"); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.